**Ollie L. BROOKS, Petitioner-Appellant,**

v.

**Lawrence E. WILSON, Warden, San Quentin State Prison, Respondent-Appellee.**

**No. 20561.**

United States Court of Appeals
Ninth Circuit.

Aug. 19, 1966.

Ollie L. Brooks, in pro. per.

Thomas C. Lynch, Atty. Gen., Robert R. Granucci, Deputy Attorney, Jay S. Linderman, Deputy Atty. Gen., San Francisco, Cal., for appellee.

Before HAMLEY, MERRILL and ELY, Circuit Judges.

PER CURIAM:

On June 29, 1962, following a plea of guilty, appellant was sentenced to life imprisonment on a charge of kidnaping to commit robbery. Calif. Penal Code § 209. He seeks habeas corpus upon the ground that incriminating statements were taken from him during the course of police interrogation, without his being advised of his right to counsel or to remain silent. The District Court denied the petition without hearing on the ground that even if the rule of Escobedo should be applicable, the rule is to be applied prospectively only. This was correct. Johnson v. State of New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882 (1966). See also Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

In an affidavit in support of the petition, appellant asserted that he was physically coerced into making his statements. He does not, however, allege facts to show that his plea of guilty was in turn coerced by the fact that he had incriminated himself. Further, in an affidavit filed after the District Court had acted, he contended for the first time that his plea of guilty was coerced by threats of the district attorney in which defense counsel had joined. This contention comes too late to warrant consideration under the present petition. If it is petitioner's position that for any reason the plea of guilty was coerced, this contention must form the basis of a new petition.

Judgment affirmed. Appellant's application for bail is denied.